**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERYL MARIE WILGUS,<br><br>         Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No. CV 16-6139 (SS)<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Sheryl Marie Wilgus ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Agency") denying her application for Disability Insurance Benefits ("DIB"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## II.
## PROCEDURAL HISTORY

Plaintiff filed an application for Title II DIB on January 8, 2013. (Administrative Record ("AR") 117-20). In the application, Plaintiff alleged a disability onset date of July 1, 2009. (AR 117). The Agency denied Plaintiff's application initially on May 24, 2013, and on reconsideration on September 25, 2013. (AR 83-92, 98-101). On October 15, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 104-05). Plaintiff testified before ALJ Dale Garwal on February 12, 2015. (AR 31, 34-44). On March 26, 2015, the ALJ issued a decision denying Plaintiff benefits. (AR 14, 24). Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on July 13, 2016. (AR 1-4). Plaintiff filed the instant action on August 16, 2016.

## III.
## FACTUAL BACKGROUND

Plaintiff was born on May 27, 1961. (AR 117). Plaintiff was forty-eight years old at the time of her alleged disability onset date of July 1, 2009 (AR 117), and 53 years old at the time of her hearing before the ALJ. (AR 35). Plaintiff completed sixteen years of education, graduating from dental hygiene school in 1986. (AR 35, 154, 161). Plaintiff worked as a dental hygienist from 1986 until 2009. (AR 154, 161). Plaintiff stopped working in June //

2009. (AR 35). Plaintiff alleges disability due to migraine headaches and back pain. (AR 35, 76, 84).

**A.     Treating Physician's Opinion**

From November 2009 through August 2012, Plaintiff's treating physician Kristi Wrightson, N.D., noted that Plaintiff had a history of migraine headaches. (AR 231-40 (records from 11-10-09, 5-19-10, 9-17-10, 1-19-11, 7-7-11, 11-18-11, 3-6-12, 3-20-12, and 8-29-12)). From September 2010 through August 2012, Dr. Wrightson reported that Plaintiff's migraine headaches were without aura and without mention of intractability. (AR 232-37 (records from 9-17-10, 1-19-11, 7-7-11, 11-18-11, 3-6-12, and 8-29-12)). In 2013, Dr. Wrightson noted that Plaintiff's migraine headaches were "without aura, with intractable migraine, so stated, without mention of status migrainosus." (AR 245, 246, 250 (records from 4-15-13, 6-25-13, and 10-1-13)). In other records, Dr. Wrightson diagnosed Plaintiff with migraine headaches with aura. (AR 211 (record printed on 4-10-13 diagnosing Plaintiff with, among other conditions, "migraine with aura, with intractable migraine, so stated, without mention of status mig[rainosus]"); AR 251, 252, 261 (diagnosing same on 1-8-14, 3-6-14, and 10-16-14)).

In a Disability Determination for Social Security Treating Physician's Migraine Headache Form dated April 15, 2013, Dr. Wrightson reported that Plaintiff has left-sided migraine headaches two times per week that last 24 hours. (AR 244). Dr. Wrightson noted that Plaintiff has the symptoms of nausea and vomiting,

photophobia, phonophobia, and throbbing and pulsating. (AR 244). Dr. Wrightson reported that Plaintiff uses Imitrex and Vicodin to treat her migraine headaches and Plaintiff's response to these medications is fair. (AR 244). Dr. Wrightson opined that Plaintiff's headaches interfered with her ability to work an average of one day per week. (AR 244).

In a medical source statement dated February 14, 2014, Dr. Wrightson opined that Plaintiff's abilities to deal with the public, maintain concentration, and withstand the stress and pressure of an eight-hour workday are extremely limited due to her migraine headaches and anxiety. (AR 253). Dr. Wrightson also opined that Plaintiff's abilities to relate to and interact with supervisors and co-workers as well as to understand, remember, and carry out an extensive variety of technical and/or complex job instructions are moderately limited. (AR 253).

**B.    Non-Examining Physicians' Opinions**

On May 21, 2013, Disability Determinations Service medical advisor Kenneth Glass, M.D., reviewed the record and opined that Plaintiff has a primary physical medically determinable impairment of migraine headaches, non-severe. (AR 80). On September 6, 2013, Disability Determinations Service medical advisor Francis T. Greene, M.D., reviewed the record and affirmed the finding that Plaintiff's physical condition is non-severe. (AR 89, 92).

**IV.**

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

|   |   |   |
|---|---|---|
| | (4) | Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five. |
| | (5) | Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are

inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**V.**

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process and concluded at step two that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 24). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from alleged disability onset of July 1, 2009, through date last insured of September 30, 2011. (AR 19).

At step two, the ALJ found that Plaintiff's medically determinable impairments were lower back pain, "occasional migraines," and anxiety. (AR 19). The ALJ, however, also found that Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months. (AR 19). Accordingly, the ALJ concluded that Plaintiff did not have a "severe" impairment or combination of impairments.[1] (AR 19).

\\
\\

---

[1] A physical or mental impairment is considered "severe" if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

7

In reaching this decision, the ALJ reasoned that although Plaintiff's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not entirely credible. (AR 22). In addition, the ALJ discounted the opinions of Dr. Wrightson, Plaintiff's treating doctor, on the ground that the doctor based her opinions regarding Plaintiff's limitations largely on Plaintiff's discredited subjective complaints. (AR 23). Instead, the ALJ gave the opinions of non-examining state agency physicians Drs. Glass and Greene greater weight. (AR 23). The ALJ determined that these opinions supported the ALJ's conclusion that Plaintiff did not have a physical impairment or combination of physical impairments that significantly limited her ability to perform basic work activities. (AR 23).

The ALJ concluded that Plaintiff had failed to establish disability at any time from the date of onset of July 1, 2009, through the date last insured of September 30, 2011. (AR 24). Accordingly, without proceeding to the next sequential step, the ALJ found that Plaintiff was not under a disability as defined by 20 C.F.R. § 404.1520(c). (AR 24).

## VI.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set

aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

**VII.**

**DISCUSSION**

Plaintiff challenges the ALJ's decision on the ground that the ALJ erred at step two by determining that Plaintiff's migraine headaches were not severe. (Plaintiff's Memorandum in Support of

Complaint ("MSC") at 2, 3). The Court agrees. Accordingly, for the reasons discussed below, the decision is REVERSED and REMANDED for further proceedings consistent with this decision.

**A.    The ALJ Erred By Finding Plaintiff's Migraine Headaches Non-Severe At Step Two**

At step two of the five-step sequential process, a claimant must make a threshold showing that her medically determinable impairment or combination of impairments is "severe," i.e., that her impairment "significantly limits h[er] ability to do basic work activities[.]" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting 20 C.F.R. § 404.1521(b)). By its terms, step two is a "de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)).

To satisfy step two's requirement, the claimant first must prove that she has a medically determinable impairment that could reasonably be expected to produce her symptoms. 20 C.F.R. § 404.1529(b). Next, the claimant must prove that the impairment is "severe." Id. ("When the medical signs or laboratory findings show that a claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work."). An impairment or combination of impairments is not "severe" if the evidence establishes only "a slight abnormality that has no more

than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (quoting SSR No. 96-3(p)); see also SSR 85-28, 1985 WL 56856, *3 (1985).

If an ALJ determines that a claimant lacks a medically severe impairment, the ALJ must find that the claimant is not disabled. Webb, 433 F.3d at 686. If, however, the ALJ concludes that the claimant's medical impairment is "severe," the ALJ must proceed to the next step in the sequential evaluation process. Id.; Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's impairments were non-severe at step two and declared that Plaintiff was not disabled. To reach this non-severity finding, the ALJ overlooked medical evidence regarding the effects of Plaintiff's migraine headaches.[2] Smolen, 80 F.3d at 1290 (Step two is a "de minimis screening device to dispose only of groundless claims.") (citation omitted). Because a step-two evaluation is to dispose of "groundless claims," and the evidence here established that Plaintiff suffered extensively from migranes, the ALJ erred by finding Plaintiff's migranes to be "non-severe." See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

---

[2] The ALJ also discredited Plaintiff's statements regarding the severity of her headaches on the ground that Plaintiff lacked credibility. Because the Court concludes that this action must be remanded due to the ALJ's errors in evaluating the treating physician's opinions, the Court finds it unnecessary to address Plaintiff's contention that the ALJ improperly assessed her credibility.

11

Dr. Wrightson reported that Plaintiff has left-sided migraine headaches two times per week that last 24 hours. (AR 244). The doctor noted that Plaintiff's headaches cause nausea and vomiting, photophobia, phonophobia, and throbbing and pulsating. In addition, Plaintiff uses Imitrex and Vicodin to treat her headaches, and Plaintiff's response to these medications is fair. (AR 244). Dr. Wrightson opined that Plaintiff's headaches interfere with her ability to work an average of one day per week. (AR 244). The doctor also opined that Plaintiff's abilities to deal with the public, maintain concentration, and withstand the stress and pressure of an eight-hour work day are extremely limited due to her migraine headaches and anxiety. (AR 253). Further, Plaintiff's ability to relate to and interact with supervisors and co-workers and her ability to understand, remember, and carry out technical and complex job instructions are moderately limited. (AR 253). This evidence was sufficient to conclude that Plaintiffs' migranes were severe at step two. See Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two.") (internal citations omitted). If the ALJ determined the record was incomplete on this issue, the ALJ had a duty to supplement the record, before rejecting Plaintiff's application so early in the analysis. Webb, 433 F.3d at 687 ("[T]he ALJ had an affirmative duty to supplement Webb's medical record, to the extent it was incomplete, before rejecting Webb's petition at so early a stage in the analysis.").

On the existing record, the ALJ's reasons for finding Plaintiff's migranes to be non-severe at step two are not sufficient. The ALJ found that Dr. Wrightson, in reaching her opinions as to the severity of Plaintiff's headaches, "appear[s]" to "have afforded [Plaintiff] full credibility." (AR 22). The ALJ declared – without further explanation – that it was Plaintiff's "subjective complaints of pain" to Dr. Wrightson that resulted in the doctor's opinions, treatment, and prescriptions of strong pain medication. (AR 23). The ALJ discounted Dr. Wrightson's opinions because the ALJ found Plaintiff's subjective complaints "far less than fully credible" than did Dr. Wrightson. (AR 23). Instead, the ALJ gave "greater weight to the opinions of Drs. Glass and Greene" (AR 23), both of whom determined that Plaintiff's migraine headaches were non-severe. (AR 80, 89, 92).

"A physician's opinion of disability premised to a large extent upon the claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly 'properly discounted.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (quoting Fair, 885 F.2d at 605). Even assuming, however, that the ALJ properly rejected Plaintiff's credibility, the ALJ nonetheless failed adequately to support the rejection of Dr. Wrightson's opinions. In particular, the record does not establish that Dr. Wrightson based her opinions largely on Plaintiff's self-reports as opposed to the doctor's own clinical observations. See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (error where ALJ asserted that examining physician "relied too heavily on [claimant's] subjective

13

complaints" but there was nothing in record to suggest that physician relied more heavily on claimant's complaints than doctor's clinical observations); see also Webb, 433 F.3d at 688 ("[t[here is no inconsistency between Webb's complaints and his doctors' diagnoses sufficient to doom his claim as groundless under the de minimis standard of step two. Webb's clinical records did not merely record the complaints he made to his physicians, nor did his physicians dismiss Webb's complaints as altogether unfounded."). The documentation in the record and the degree of treatment provided demonstrates that Dr. Wrightson's opinions were based on more than just the Plaintiff's self-reports.

Finally, to the extent that the ALJ relied on the opinions of non-examining physicians Drs. Glass and Greene to reject Dr. Wrightson's opinions, the ALJ erred. Drs. Glass and Greene determined on review that Plaintiff's migraine headaches were non-severe. (AR 80, 89, 92). However, "the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." Lester, 81 F.3d at 831; see also Ryan, 528 F. 3d at 1202 (citing Lester, 81 F.3d at 831). Accordingly, the opinions of Drs. Glass and Greene did not constitute substantial evidence to support the ALJ's rejection of Dr. Wrightson's opinions.

**B.      Remand Is Required**

The ALJ erred at step two by finding Plaintiff's migraine headaches non-severe, and the case must be remanded to remedy this defect.

## VIII.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 2, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**